**O**

# United States District Court
# Central District of California

| | |
|---|---|
| REBECCA STAMBANIS,<br><br>  Plaintiff,<br><br>  v.<br><br>TBWA WORLDWIDE, INC., dba TBWA/MEDIA ARTS LAB; and DOES 1–10,<br><br>  Defendants. | Case No. 2:19-cv-3962-ODW (JEMx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND [51]** |

## I. INTRODUCTION

Plaintiff Rebecca Stambanis moves for leave to file a Third Amended Complaint ("proposed TAC") (*See* Mot. for Leave to Amend ("Mot."), ECF No. 51.) For the reasons that follow, the Court **DENIES** Stambanis's Motion for Leave to Amend ("Motion").[1]

## II. FACTUAL BACKGROUND

On April 1, 2016, Stambanis joined TBWA/Media Arts Lab ("TBWA") as its

---

[1] After carefully considering the papers filed related to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Chief Strategy Officer, specifically to lead the advertising strategy for TBWA's client, "Apple." (Second Am. Compl. ("SAC"), ¶¶ 1, 12, ECF No. 41.)

On March 11, 2016, Stambanis signed the offer letter (the "Letter Agreement"). (SAC ¶ 17.) Stambanis officially began to work in April 2016, but TBWA promised to allow her to work remotely in Portland until the end of April before she had to relocate to Los Angeles. (SAC ¶ 17.) However, TBWA required Stambanis to attend several meetings in California during that time. (SAC ¶ 18.) Later that month, Stambanis was diagnosed with cervical cancer and needed immediate surgery. (SAC ¶ 19.) Despite notifying TBWA of her procedure, TBWA scheduled conference calls with Stambanis for the day after her surgery. (SAC ¶ 19.)

During the hiring process, Stambanis informed TBWA "that before she could consider whether to accept the position, her partner would need legal status to be able to live in the United States." (SAC ¶ 14.) TBWA assured Stambanis that they were familiar with the process and proposed several paths to obtain legal status for her partner. (SAC ¶¶ 15, 16.) However, Stambanis alleges that by June 2016, TBWA had done nothing to secure the visa it promised for Stambanis's partner. (SAC ¶ 22.) As a result of TBWA's inability to obtain the visa, Stambanis informed TBWA that she would need to resign effective the end of July 2016. (SAC ¶ 24.) TBWA pressured Stambanis to stay and agreed to modify the terms of her employment in a subsequent agreement (the "Letter Amendment"). (SAC ¶¶ 26–27.)

In late July 2016, Stambanis relocated from Portland to Los Angeles. (SAC ¶ 29.) Stambanis alleges that after signing the Letter Amendment, TBWA's leadership isolated her and excluded her from meetings and decisions. (SAC ¶ 30) When she visited her partner, Stambanis's password to TBWA's network stopped working. (SAC ¶ 32.) Stambanis eventually learned that by mid-August 2016, TBWA had already hired her replacement. (SAC ¶ 32.) On September 7, 2016, TBWA accused Stambanis of "bad-mouthing" the agency and by September 16, 2016, TBWA terminated her. (SAC ¶ 33, 34.)

On September 10, 2018, Stambanis initiated this wrongful termination and employment violation lawsuit. (*See* SAC ¶ 1; Notice of Removal, ECF No. 1.) Stambanis asserts thirteen employment-related causes of action against TBWA. (*See generally* SAC.) TBWA moved to dismiss Stambanis's First Amended Complaint, which the Court granted in part, with leave to amend. (Order, ECF No. 34.) TBWA then moved to dismiss the claim for intentional infliction of emotional distress in the SAC, which the Court granted but without leave to amend. (Order, ECF No. 48.) Now, Stambanis seeks leave to amend her complaint a third time to add factual allegations supporting new claims for disability discrimination: failure to prevent disability discrimination, failure to accommodate disability, failure to engage in good faith interactive process, retaliation for engaging in protected activity, and retaliation because of history of disability. (Mot. 4)

### III.     LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 15(a), a party is allowed to amend its pleading once as a matter of course within twenty-one days of serving the pleading, or at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). While Rule 15 provides that leave to amend shall be freely given, it is not automatic. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In evaluating whether to grant leave to amend, courts in the Ninth Circuit consider if any of the following factors deter the grant of leave: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous opportunity to amend the complaint ("*Foman* factors"). *Id*. However, "[n]ot all of the factors merit equal weight"; prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV. DISCUSSION

Rule 15 provides that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, where the *Foman* factors are present, the court may deny leave to amend. *In re W. States*, 715 F.3d at 738. The Court may deny leave to amend based on any one factor. *Cf. Eminence Capital*, 316 F.3d at 1502 ("[A]bsent . . . a strong showing of any of the . . . *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (demonstrating that a showing of prejudice or a strong showing of any of the remaining *Foman* factors may warrant denying leave to amend). But, here, the Court addresses both prejudice to the opposing party and undue delay.

### A. Prejudice to the Opposing Party

Of all the factors to consider, "prejudice to the opposing party requires the greatest consideration." *Eminence Capital*, 316 F.3d at 1052. Stambanis argues that the additional expense of litigating new claims is not prejudicial to TBWA. (Reply 2, ECF No. 55). However, the Ninth Circuit has held to the contrary. In *Jackson v. Bank of Hawaii*, the Ninth Circuit held that conducting additional discovery on new claims "[advancing] different legal theories and [requiring] proof of different facts" prejudices the non-moving party. 902 F.2d 1385, 1387 (9th Cir. 1990). There, the plaintiff sought leave to amend his complaint to add RICO claims. *Id.* The Ninth Circuit explained that "putting the defendants 'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.'" 902 F.2d 1385, 1388 (9th Cir. 1990) (quoting *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973)). Thus, the court denied the plaintiff's motion for leave to amend. *Id.* at 1387–88 (citation omitted).

Here, Stambanis seeks to amend her complaint to include new claims for disability discrimination and related claims. Like in *Jackson*, Stambanis's proposed claims rest on different legal theories than the claims asserted in her SAC and require the addition of new factual allegations not previously pleaded. (*See* Mot.) If the Court

were to grant Stambanis's Motion, TBWA would have to expend more time and incur additional litigation costs to conduct additional discovery. Accordingly, granting Stambanis leave to amend her complaint for a third time will prejudice TBWA.

Although the Court may deny the Motion on this basis alone, it also considers undue delay.

### B. Undue Delay

The Ninth Circuit has described two scenarios where a court may find undue delay. *See Jackson*, 902 F.2d at 1388. One aspect of the issue is whether an "amendment . . . would produce an undue delay in the litigation." *Id.* at 1387. The second aspect is whether the plaintiff unduly delayed filing her amendment. *See id.* at 1387–89. The court in *Jackson* explained that, "relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Id.* at 1388. The Ninth Circuit has noted that, "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Mach. & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (citations omitted). *See Jackson,* 902 F.2d at 1388. (affirming denial of leave to amend in part because plaintiff did not cite "new facts or theories gleaned from the discovery period" to justify delay.)

Here, Stambanis seeks to add factual allegations in her proposed TAC detailing events that happened to her during her employment in 2016. (*See* Mot.) Thus, these facts arose before Stambanis filed her SAC in 2019, yet she failed to include any claims for disability related discrimination. (*See* SAC.) Stambanis argues that the proposed amendments reflect facts uncovered during her investigation and discovery that were not known at the time she filed her SAC. (Reply 3.) However, the only fact Stambanis claims she discovered was that TBWA's leadership was upset that Stambanis did not marry her partner and negotiated terms of the Letter Amendment. (Mot 10.) The lack of knowledge for this singular fact should not have precluded her from raising

disability-related claims in prior complaints; furthermore, this fact appears to be unrelated to the claims she wishes to add. Although discovery may have uncovered specific facts related to her proposed claims, given that the facts arose before Stambanis filed her SAC, she had sufficient information to have filed her proposed claims earlier without the recently discovered factual allegations. Accordingly, the Court finds that Stambanis unnecessarily delayed seeking to assert these new claims.

The Court notes that Stambanis is correct in pointing out that delay alone is insufficient to establish undue delay, and that bad faith or prejudice must also exist. (Reply 3). *See U.S. v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). However, in the discussion above, the Court already established that granting leave to amend here would prejudice TBWA. As delay and prejudice both exist, the Court finds that this factor has been met.

As the court has found amending would cause prejudice and undue delay, granting leave to amend is not appropriate. Stambanis has already had two opportunities to amend her complaint. Accordingly, the Court denies Stambanis's Motion.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Stambanis's Motion for Leave to Amend. (ECF No. 51.)

**IT IS SO ORDERED.**

July 20, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**